MARGARET A. MCLETCHIE, Nevada Bar No. 10931
DAYVID FIGLER, Nevada Bar No. 4264
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, Nevada 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LANCE DOWNES-COVINGTON, an individual, SOLDADERA SANCHEZ, an individual, ROBERT O'BRIEN, an individual, EMILY DRISCOLL, an individual, ALISON KENADY, an individual, TENISHA MARTIN, an individual, GABRIELA MOLINA, an individual,<br>    Plaintiffs,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, in its official capacity; SHERIFF JOSEPH LOMBARDO, in his official capacity as Sheriff of the Las Vegas Metropolitan Police Department; LIEUTENANT KURT MCKENZIE, as an individual and in his capacity as a Las Vegas Metropolitan Police Department Officer; OFFICER TABATHA DICKSON, as an individual and in her capacity as a Las Vegas Metropolitan Police Department Officer, UNKNOWN OFFICERS 1-14, as individuals and in their capacity as Las Vegas Metropolitan Police Department Officers,<br>    Defendants. | Case. No.: 2:20-cv-01790-GMN-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES (FOURTH REQUEST) [ECF No. 47]** |

/ / /

/ / /

/ / /

1

Plaintiffs Lance Downes-Covington, Soldadera Sanchez, Robert O'Brien, Emily Driscoll, Alison Kenady, Tenisha Martin, and Gabriela Molina ("Plaintiffs"), by and through their attorneys of record, Margaret A. McLetchie and Dayvid Figler with the law firm of McLetchie Law and Defendants, the Las Vegas Metropolitan Police Department ("LVMPD"), Sheriff Joseph Lombardo, Lieutenant Kurt McKenzie, and Officer Tabatha Dickson (collectively ("LVMPD Defendants"), by and through their attorneys of record, Craig R. Anderson, Esq. and Jackie V. Nichols, Esq., with the law firm of Marquis Aurbach Coffing, hereby stipulate and agree to extend the Discovery Plan and Scheduling Order deadlines an additional ninety (90) days. This Stipulation is being entered in good faith and not for purposes of delay. This is the fourth request for an extension in this matter.

I. **STATUS OF DISCOVERY.**

    A. **PLAINTIFFS' DISCOVERY.**

        1. Plaintiffs' Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated January 20, 2021;

        2. Plaintiff Lance Downes-Covington's Responses to LVMPD's First Set of Interrogatories dated May 13, 2021;

        3. Plaintiff Soldadera Sanchez's Responses to LVMPD's First Set of Interrogatories dated May 13, 2021;

        4. Plaintiff Robert O'Brien's Responses to LVMPD's First Set of Interrogatories dated May 13, 2021;

        5. Plaintiff Emily Driscoll's Responses to LVMPD's First Set of Interrogatories dated May 13, 2021;

        6. Plaintiff Alison Kenady's Responses to LVMPD's First Set of Interrogatories dated May 13, 2021;

        7. Plaintiff Tenisha Martin's Responses to LVMPD's First Set of Interrogatories dated May 13, 2021;

        8. Plaintiff Gabriela Molina's Responses to LVMPD's First Set of Interrogatories dated May 13, 2021;

9. Plaintiff Lance Downes-Covington's Responses to LVMPD's First Set of Requests for Production of Documents dated May 13, 2021;

10. Plaintiff Soldadera Sanchez's Responses to LVMPD's First Set of Requests for Production of Documents dated May 13, 2021;

11. Plaintiff Robert O'Brien's Responses to LVMPD's First Set of Requests for Production of Documents dated May 13, 2021;

12. Plaintiff Emily Driscoll's Responses to LVMPD's First Set of Requests for Production of Documents dated May 13, 2021;

13. Plaintiff Alison Kenady's Responses to LVMPD's First Set of Requests for Production of Documents dated May 13, 2021;

14. Plaintiff Tenisha Martin's Responses to LVMPD's First Set of Requests for Production of Documents dated May 13, 2021;

15. Plaintiff Gabriela Molina's Responses to LVMPD's First Set of Requests for Production of Documents dated May 13, 2021;

16. Plaintiff Lance Downes-Covington's First Set of Interrogatories to LVMPD dated June 2, 2021;

17. Plaintiffs' First Set of Requests for Production of Documents to LVMPD dated June 2, 2021;

18. Plaintiff Emily Driscoll's First Set of Interrogatories to LVMPD dated July 1, 2021;

19. Plaintiffs' First Supplement to Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated July 1, 2021;

20. Plaintiffs' Second Supplement to Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated July 8, 2021;

21. Plaintiffs' Third Supplement to Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated July 12, 2021;

22. Plaintiff Soldadera Sanchez's Supplemental Responses to LVMPD's First Set of Interrogatories dated July 8, 2021;


23. Plaintiff Robert O'Brien's Supplemental Responses to LVMPD's First Set of Interrogatories dated July 8, 2021;

24. Plaintiff Emily Driscoll's Supplemental Responses to LVMPD's First Set of Interrogatories dated July 8, 2021;

25. Plaintiff Alison Kenady's Supplemental Responses to LVMPD's First Set of Interrogatories dated July 8, 2021;

26. Plaintiff Tenisha Martin's Supplemental Responses to LVMPD's First Set of Interrogatories dated June 8, 2021;

27. Plaintiff Soldadera Sanchez's Supplemental Responses to LVMPD's First Set of Requests for Production of Documents dated July 8, 2021;

28. Plaintiff Robert O'Brien's Supplemental Responses to LVMPD's First Set of Requests for Production of Documents dated July 8, 2021;

29. Plaintiff Emily Driscoll's Supplemental Responses to LVMPD's First Set of Requests for Production of Documents dated July 8, 2021;

30. Plaintiff Alison Kenady's Supplemental Responses to LVMPD's First Set of Requests for Production of Documents dated July 8, 2021;

31. Plaintiff Tenisha Martin's Supplemental Responses to LVMPD's First Set of Requests for Production of Documents dated July 8, 2021;

32. Plaintiff Gabriela Molina's Supplemental Responses to LVMPD's First Set of Requests for Production of Documents dated July 8, 2021;

33. Plaintiff Gabriela Molina's Second Supplemental Responses to LVMPD's First Set of Requests for Production of Documents dated July 12, 2021;

34. Plaintiff Lance Downes-Covington's Supplemental Responses to LVMPD's First Set of Requests for Production of Documents dated July 12, 2021;

35. Plaintiff Gabriela Molina's Supplemental Responses to LVMPD's First Set of Interrogatories dated July 12, 2021;

36. Plaintiff Lance Downes-Covington's Supplemental Responses to LVMPD's First Set of Interrogatories dated July 12, 2021;

4

37.  Plaintiff Tenisha Martin's First Set of Interrogatories to LVMPD dated July 13, 2021;

38.  Plaintiffs' Second Set of Requests for Production of Documents to LVMPD dated July 13, 2021;

39.  Plaintiff Tenisha Martin's Second Set of Interrogatories to LVMPD dated July 14, 2021;

40.  Plaintiffs' Third Set of Requests for Production of Documents to LVMPD dated July 14, 2021;

**41.  Plaintiffs' Fourth Supplement to Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated September 15, 2021;**

**42.  Plaintiff Tenisha Martin's Third Set of Interrogatories to LVMPD dated September 15, 2021;**

**43.  Plaintiffs' Fourth Set of Requests for Production of Documents to LVMPD dated September 15, 2021; and**

**44.  Plaintiffs' First Set of Requests for Admission to LVMPD dated September 15, 2021.**

B.  **DEFENDANTS' DISCOVERY.**

1.  LVMPD Defendants' Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated January 20, 2021;

2.  LVMPD's First Set of Interrogatories to Plaintiff Lance Downes-Covington dated March 12, 2021;

3.  LVMPD's First Set of Interrogatories to Plaintiff Soldadera Sanchez dated March 12, 2021;

4.  LVMPD's First Set of Interrogatories to Plaintiff Robert O'Brien dated March 12, 2021;

5.  LVMPD's First Set of Interrogatories to Plaintiff Emily Driscoll dated March 12, 2021;

/ / /

6. LVMPD's First Set of Interrogatories to Plaintiff Alison Kenady dated March 12, 2021;

7. LVMPD's First Set of Interrogatories to Plaintiff Tenisha Martin dated March 12, 2021;

8. LVMPD's First Set of Interrogatories to Plaintiff Gabriela Molina dated March 12, 2021;

9. LVMPD's First Set of Request for Production of Documents to Plaintiff Lance Downes-Covington dated March 12, 2021;

10. LVMPD's First Set of Request for Production of Documents to Plaintiff Soldadera Sanchez dated March 12, 2021;

11. LVMPD's First Set of Request for Production of Documents to Plaintiff Robert O'Brien dated March 12, 2021;

12. LVMPD's First Set of Request for Production of Documents to Plaintiff Emily Driscoll dated March 12, 2021;

13. LVMPD's First Set of Request for Production of Documents to Plaintiff Alison Kenady dated March 12, 2021;

14. LVMPD's First Set of Request for Production of Documents to Plaintiff Tenisha Martin dated March 12, 2021;

15. LVMPD's First Set of Request for Production of Documents to Plaintiff Gabriela Molina dated March 12, 2021;

16. LVMPD Defendants' First Supplement to Initial Disclosures of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated July 20, 2021;

17. LVMPD's Answers to Plaintiff Lance Downes-Covington's First Set of Interrogatories dated July 20, 2021;

18. LVMPD's Responses to Plaintiffs' First Set of Requests for Production of Documents dated July 20, 2021;

19. LVMPD's Responses to Plaintiff Emily Driscoll's First Set of Interrogatories dated August 3, 2021;

20. LVMPD's Supplemental Answers to Plaintiff Lance Downes-Covington's First Set of Interrogatories dated August 3, 2021;

21. LVMPD's Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents dated August 3, 2021;

22. LVMPD Defendants' Second Supplement to Initial Disclosures of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated August 4, 2021;

23. LVMPD's Supplemental Answers to Plaintiff Lance Downes-Covington's First Set of Interrogatories dated August 9, 2021;

24. LVMPD Defendants' Third Supplement to Initial Disclosures of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated August 16, 2021;

25. LVMPD's Responses to Plaintiff Tenisha Martin's First Set of Interrogatories dated August 16, 2021;

26. LVMPD's Responses to Plaintiff Tenisha Martin's Second Set of Interrogatories dated August 16, 2021;

27. LVMPD's Responses to Plaintiffs' Third Set of Requests for Production of Documents dated August 16, 2021;

28. LVMPD's Responses to Plaintiffs' Second Set of Requests for Production of Documents dated August 30, 2021;

29. LVMPD's Responses to Plaintiff Tenisha Martin's Second Set of Interrogatories dated August 30, 2021;

30. LVMPD Defendants' Fourth Supplement to Initial Disclosures of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated August 30, 2021;

31. LVMPD Defendants' Privilege Log dated August 30, 2021;

32. LVMPD's Amended Responses to Plaintiffs' Third Set of Requests for Production of Documents dated September 13, 2021;

33. LVMPD's Amended Responses to Plaintiffs' Second Set of Requests for Production of Documents dated September 13, 2021;

34. LVMPD's Amended Responses to Plaintiff Tenisha Martin's Second Set of Interrogatories dated September 13, 2021;

35. LVMPD's Amended Responses to Plaintiff Emily Driscoll's First Set of Interrogatories dated September 13, 2021;

36. Lt. McKenzie's First Set of Interrogatories to Plaintiff Lance Downes-Covington dated September 22, 2021;

37. Lt. McKenzie's First Set of Interrogatories to Plaintiff Soldadera Sanchez dated September 22, 2021;

38. Lt. McKenzie's First Set of Interrogatories to Plaintiff Robert O'Brien dated September 22, 2021;

39. Lt. McKenzie's First Set of Interrogatories to Plaintiff Emily Driscoll dated September 22, 2021;

40. Lt. McKenzie's First Set of Interrogatories to Plaintiff Alison Kenady dated September 22, 2021;

41. Lt. McKenzie's First Set of Interrogatories to Plaintiff Tenisha Martin dated September 22, 2021;

42. Lt. McKenzie's First Set of Interrogatories to Plaintiff Gabriela Molina dated September 22, 2021;

43. LVMPD's First Set of Requests for Admission to Plaintiff Lance Downes-Covington dated September 22, 2021;

44. LVMPD's First Set of Requests for Admission to Plaintiff Soldadera Sanchez dated September 22, 2021;

45. LVMPD's First Set of Requests for Admission to Plaintiff Robert O'Brien dated September 22, 2021;

46. LVMPD's First Set of Requests for Admission to Plaintiff Emily Driscoll dated September 22, 2021;

/ / /

47. LVMPD's First Set of Requests for Admission to Plaintiff Alison Kenady dated September 22, 2021;

48. LVMPD's First Set of Requests for Admission to Plaintiff Tenisha Martin dated September 22, 2021;

49. LVMPD's First Set of Requests for Admission to Plaintiff Gabriela Molina dated September 22, 2021;

50. LVMPD Defendants' Fifth Supplement to Initial Disclosures of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated October 11, 2021;

51. LVMPD's Responses to Plaintiffs' Fourth Set of Requests for Production of Documents dated October 18, 2021;

52. LVMPD's Responses to Plaintiff Tenisha Martin's Third Set of Interrogatories dated October 18, 2021; and

53. LVMPD's Responses to Plaintiffs' First Set of Requests Admission dated October 20, 2021.

## II. DISCOVERY THAT REMAINS TO BE COMPLETED.

The Parties are actively conducting discovery. Plaintiffs have numerous discovery responses currently due on November 8, 2021. The Parties are working on scheduling depositions. Plaintiffs need time to review a voluminous number of body-worn camera (BWC) footage: on October 11, 2021, Defendants just produced 624 videos, including many that contain more than 30 minutes of footage. For that reason and the reasons explained below, the Parties will need additional time to propound written discovery, respond to written discovery and conduct depositions.

## III. SPECIFIC DESCRIPTION OF WHY AN EXTENSION IS NECESSARY.

Pursuant to Local Rule 26-3, the Parties submit that good causes exists for the extension requested. This is the first request for an extension of discovery deadlines in this matter. The Parties acknowledge that, pursuant to Local Rule 26-3, a stipulation to extend a deadline set forth in a discovery plan must be submitted to the Court no later than 21 days before the expiration of the subject deadline, and that a request made within 21 days must be

9

1  supported by a showing of good cause. While the majority of the deadlines the Parties seek
2  to extend are outside of the 21-day window, the deadline for initial expert disclosures is
3  November 16, 2021. Thus, the Parties must establish that good cause exists to extend this
4  deadline.

5        The Parties have been diligently conducting discovery and continue to conduct
6  discovery. However, given the number of plaintiffs, the number of incidents at issue, and
7  the number of claims involved in this matter, the Parties require additional time to complete
8  necessary discovery in this matter. The Parties have successfully collaborated to establish a
9  potential schedule for conducting the deposition of the Plaintiffs and are continuing to work
10 on scheduling the Defendants. Additionally, Plaintiffs have a pending Motion to Amend
11 their Complaint (ECF No. 48) which would include additional Defendants to be added into
12 this litigation. Further, a major extenuating circumstance is the departure of one of the
13 primary Plaintiffs' attorneys (*see* ECF No. 49). Further, Defendants have recently produced
14 more than 1,300 body-worn camera footage videos that Plaintiffs need to be reviewed.
15 Finally, the Parties together request this in good faith and to further the resolution of thris
16 case on the merits, and not for any purpose of delay

17       The Parties thus respectfully request extension of time to extend the discovery in
18 this matter to enable to them to conduct necessary discovery in this matter and so that this
19 matter is fairly resolved on the merits. Assuming that the Court determines that the "good
20 cause" standard applies to all discovery deadlines sought to be extended by this Stipulation,
21 this Court has noted that "Good cause to extend a discovery deadline exists 'if it cannot
22 reasonably be met despite the diligence of the party seeking the extension.'" *Derosa v. Blood*
23 *Sys., Inc.*, No. 2:13-cv-0137-JCM-NJK, 2013 U.S. Dist. LEXIS 108235, 2013 WL 3975764,
24 at 1 (D. Nev. Aug. 1, 2013) (quoting *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604,
25 609 (9th Cir. 1992))*; see also* Fed. R. Civ. P. 1 (providing that the Rules of Civil Procedure
26 "should be construed, administered, and employed by the court and the parties to secure the
27 just, speedy, and inexpensive determination of every action and proceeding"). As the
28 procedural history of this case illustrates, the Parties have been diligent in litigating this

matter. The Parties are continuing to engage in written discovery and have begun coordinating the taking of depositions as discussed below. Additionally, counsel for the Parties in this matter are litigating several other unrelated matters against each other which are well-advanced and have competing demands, and while competing demands of litigation are merely one of many reasons for the instant request, it should be noted that the other litigation between the same counsel involving similar issues can only benefit from expanded discovery so that in other litigation, similar requests can be expedited because they may have been done at least in part in this case; in this case, it would be a matter of a universal benefit to the ends of justice and future efficiencies.

As noted, the good cause analysis is proper for the majority of the dates the Parties seek to extend, however, the request is being made outside the 21-day window as it relates to Initial Expert disclosures, to which the "excusable neglect" analysis is the appropriate standard. The parties meet that standard as well.

As this Court has explained in the past, there are at least four factors in determining whether neglect is excusable: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Erection Co. v. Archer W. Contractors, LLC*, No. 2:12-cv-0612-MMD-NJK, 2013 U.S. Dist. LEXIS 159029, at *7 (D. Nev. Nov. 6, 2013) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*, 507 U.S. at 395.

In the instant matter, the first factor regarding prejudice to the opposing party is not relevant, as the Parties have agreed to stipulate to an extension of time. The remaining factors weigh in favor of a finding of excusable neglect. As referenced above, the Parties submit this as a joint stipulation. Second, the length of the delay is modest in which to complete discovery which is moving forward at a steady pace. Inasmuch as there are complex issues being refined though the existing discovery to date, as well as the ongoing

discovery, it is submitted that in the interest of justice, the evaluation of an appropriate expert requires more thoughtfulness and the anticipated time sought by way of this stipulation. To this extent, depositions of the named parties in this case have been noticed and extension and potentially complex production requests have been made. The parties are also endeavoring upon meet and confer conferences to facilitate discovery in the most efficient manner and where possible without need for court intervention – however this does take time and carefulness. Third, beyond what has already been represented, a major extenuating circumstance is the departure of one of the primary Plaintiff's attorneys and the entrance of the undersigned as new counsel in the litigation. Candidly, in a matter such as the present, if an expert witness would benefit the litigation and what sort of expert at that is a complex question that will likely become more apparent given the completion of the pending discovery and so additional time is warrant if only for that task, though the entirety of the litigation, including potential dispositive motions, will be facilitated by granting the request. Finally, the parties together request this in good faith and not for any purpose of delay. Indeed, the incidents at issue regarding the interaction between citizens and law enforcement during public protests are exactly the type of cases which benefit from robust, full and thoughtful discovery prior to trial and that is the singular goal of this request.

      Moreover, as has been widely reported in both local and national news, Clark County has been experiencing a steep increase in COVID-19 infections due to the spread of the Delta variant, which has necessitated counsel to resume social distancing practices such as limiting in-person meetings, limiting travel, and practices designed to prevent further spread of the virus.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

12

For all these reasons, the Parties respectfully request the Court grant their stipulation to extend discovery.

### IV. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DEADLINES

| Deadline | Current Deadline | Proposed New Deadline |
|---|---|---|
| Initial Expert Disclosures | November 16, 2021 | **February 14, 2022** |
| Rebuttal Expert Disclosures | December 16, 2021 | **March 16, 2022** |
| Discovery Cut-Off | January 17, 2022 | **April 18, 2022** |
| Dispositive Motions | February 16, 2022 | **May 18, 2022** |
| Joint Pretrial Order | March 18, 2022 | **June 17, 2022** (If dispositive motions are filed, the deadline for shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.) |

Based on the foregoing stipulation and proposed deadlines plan, the Parties request that the Discovery Plan and Scheduling Order deadlines be extended an additional ninety (90) days so that the parties may conduct depositions.

IT IS SO STIPULATED.

DATED this 1st day of November, 2021.     DATED this 1st day of November, 2021.

**MCLETCHIE LAW**                          **MARQUIS AURBACH COFFING**

By: */s/ Margaret A. McLetchie*            By: */s/ Jackie V. Nichols, Esq.*
   Margaret A. McLetchie                    Craig R. Anderson, Esq.
   Nevada Bar No. 10931                     Nevada Bar No. 6882
   Dayvid Figler                            Jackie V. Nichols, Esq.
   Nevada Bar No. 4264                      Nevada Bar No. 14246
   602 South Tenth Street                   10001 Park Run Drive
   Las Vegas, Nevada 89101                  Las Vegas, Nevada 89145
   *Attorneys for Plaintiffs*               *Attorneys for LVMPD Defendants*

### ORDER

IT IS SO ORDERED.

DATED: November 2, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE