1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Lance Downes-Covington; et al.,

    Plaintiffs,

  v.

Las Vegas Metropolitan Police Department; et al.,

    Defendants.

Case No. 2:20-cv-01790-CDS-DJA

**Report and Recommendation**

12    Plaintiffs—Lance Downes-Covington, Soldadera Sanchez, Robert O'Brien, Emily

13 Driscoll, Alison Kenady, Tenisha Martin, and Gabriela Molina—move for leave to file a third

14 amended complaint. (ECF No. 126). Defendants—Las Vegas Metropolitan Police Department

15 (LVMPD), Lieutenant Kurt McKenzie, Officer Tabatha Dickson, Captain Patricia Spencer,

16 Captain Dori Koren, Officer Evan Spoon, and Officer Jordan Turner—responded (ECF No. 131)

17 and Plaintiffs replied (ECF No. 139).[1] Because the Court finds that Plaintiffs have not

18 demonstrated good cause for missing the deadline to amend pleadings or add parties it

19 recommends denying Plaintiffs' motion.

20 **I. Background.**

21    Plaintiffs move to amend their complaint to add three new defendants previously

22 identified as "Unknown Officers," to add claims for Wrongful Arrest and Malicious Prosecution,

23 and to add facts regarding Defendants' use of 40 mm projectiles and pepper balls during the

24

25
26
27
28

---

[1] Under Local Rule 7-3(b), responses to motions are limited to 24 pages and replies are limited to 12 pages. Defendants' response to Plaintiff's motion is 1 page over the page limit. (ECF No. 131). Plaintiff's reply is 17 pages over the page limit. (ECF No. 139). Neither party sought leave to exceed page limits as required by Local Rule 7-3(c). While the Court is authorized to strike these oversized documents under Local Rule IA 10-1(d), it will nonetheless consider the merits of the response and reply.

1    Black Lives Matter protests that occurred between May 25, 2020 and July 5, 2020.  (ECF No. 126

2    at 1-2).  Plaintiffs argue that they did not have the information necessary to amend their complaint

3    sooner because they discovered in October of 2022 that LVMPD had not identified all relevant

4    officers or produced all relevant body worn camera (BWC) footage from the protests.  (*Id.* at 6).

5        Defendants oppose Plaintiffs' motion, arguing that the deadline to amend pleadings

6    passed on June 14, 2022, but Plaintiffs did not file their motion to amend until January 11, 2023.

7    (ECF No. 131 at 2, 5-7).  Defendants point out that Plaintiffs failed to address good cause for

8    missing the deadline in their opening brief.  (ECF No. 131 at 2, 5-7).  In reply, Plaintiffs argue

9    that, because they did not discover the missing BWC until after the deadline to amend pleadings

10   passed, they have demonstrated good cause for the delay.  (ECF No. 139 at 6-9).

11   **II.    Discussion.**

12       Generally, a party may amend its pleading once "as a matter of course" within twenty-one

13   days of serving it, or within twenty-one days after service of a responsive pleading or motion

14   under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its

15   pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P.

16   15(a)(2).  "The court should freely give leave when justice so requires."  *Id*.  "The court considers

17   five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay,

18   prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously

19   amended the complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

20       However, when the deadline for amending pleadings under a scheduling order has passed,

21   the court's analysis must start with Rule 16(b).  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271,

22   1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed

23   before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th

24   Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed).  Under

25   Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."

26   Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard

27   primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not

28   diligent, the inquiry should end."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d

716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Here, as an initial matter, the Court is troubled by Plaintiffs' failure to raise and address Rule 16(b)(4) in their opening brief, given the Ninth Circuit law on this point. However, in the interest of resolving the parties' dispute on the merits, the Court considered Plaintiffs' arguments in their opening and reply briefs. Plaintiffs have not, however, demonstrated good cause for their late motion to amend. Although Plaintiffs assert that they did not learn of the missing BWC until October 2022, they fail to explain how that impeded each of their amendments. The Court thus recommends denying their motion.

### A.    *Officer Zackary Bell-Brandz and Sergeant John Johnson.*

Plaintiffs move to add Bell-Brandz and Johnson as defendants for their involvement in arresting Plaintiffs Driscoll and Molina. (ECF No. 126 at 8-12). But Plaintiffs do not explain how or when they knew facts sufficient to amend their complaint to add these defendants. Plaintiffs argue that they learned in October of 2022 that they were missing BWC footage from Johnson and Bell-Brandz and began meeting and conferring with Defendants regarding the missing footage. (*Id.*). But crucially, Plaintiffs do not assert that they received any new footage as a result of these meet and confers that provided them with new facts on which to base their amendments. Instead, they assert that, because Defendants did not produce any new footage, Plaintiffs were "forced to inquire about this information during the recent discovery depositions." (*Id.* at 8). But Plaintiffs do not explain what information or facts they gathered during these depositions—or even when they happened—that gave rise to their claims against Bell-Brandz and Johnson.

Plaintiffs discuss these depositions in slightly more detail for the first time in reply. (ECF No. 139 at 14). But this explanation is improperly raised in reply for the first time and only addresses how Plaintiffs learned more information about Johnson, not Bell-Brandz. *See Autotel v. Nevada Bell Telephone Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ("[a]rguments raised for the

1    first time in a reply brief are waived") (quoting *Turtle Island Restoration Network v. U.S. Dep't of*

2    *Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012)).  Plaintiffs' lack of explanation about when

3    and how they identified facts sufficient to support their claims against Johnson and Bell-Brandz is

4    particularly concerning because Plaintiffs reference BWC footage from other officers that they

5    have had since October of 2021 that depict Bell-Brandz and Johnson.  Plaintiffs have not

6    provided the Court sufficient information for it to conclude that they were diligent in seeking to

7    amend.

8          **B.    *Officer Coleman Oswald.***

9       Plaintiffs seek to add Oswald as a defendant for his use of excessive force.  (ECF No. 126

10   at 12-14).  Plaintiffs assert that they only learned of Oswald's actions during the December 21,

11   2022 deposition of Lieutenant Kurt McKenzie.  (*Id.*).  But Plaintiffs' description of McKenzie's

12   deposition does not reference Oswald. [2]   (*Id.* at 12).  Instead, Plaintiffs explain the connection

13   between McKenzie's deposition and Oswald's use of force for the first time in their reply.  (ECF

14   No. 139 at 14).  But even if Plaintiffs had connected McKenzie's testimony more clearly to

15   Oswald's actions in their opening brief, they fail to explain why that testimony—and not the

16   BWC footage they had since October 2021—led them to amend their complaint.  Indeed,

17   Plaintiffs assert that "[Oswald's] actions as depicted on BWC clearly show him firing his pepper

18   ball gun and 40mm Special Impact Weapon at protesters and Legal Observers alike as they tried

19   to disperse per Metro's instructions.  SWAT Officer Oswald clearly shoots people in the back,

20   with their hands raised, as they attempt to leave." (*Id.* at 13).  Because Plaintiffs had this footage

21   since October 2021, but waited until after the deadline to amend pleadings passed to add Oswald

22   as a defendant, the Court finds that Plaintiffs were not diligent in seeking to amend.

23

24

       _____

25   [2] Plaintiffs' opening brief describes McKenzie's deposition as follows: "During the December 21,
     2022 deposition of Defendant Lt. Kurt McKenzie, he described a frank discussion with a SWAT
26   Officer he mistakenly believed was Sergeant Jenkins in which Lt. McKenzie asked 'What the
     fuck? What are we [Metro] doing here?...Why is this – why is this guy using force?' in reference
27   to SWAT's use of pepper balls and 40mm projectiles on protesters trying to flee…" (ECF No.
     126 at 12).
28

1    **C.    *Wrongful Arrest and Malicious Prosecution.***

2    Plaintiffs seek to add claims for Wrongful Arrest and Malicious Prosecution arising out of

3    Defendants' arrest of Molina and Driscoll for allegedly violating NRS 484B.297.1 by failing to

4    walk on the sidewalk even though Driscoll and Molina were on the sidewalk at the time of their

5    arrest. (ECF No. 126 at 7); (ECF No. 126-1 at 313-16). But again, Plaintiffs do not explain why

6    they waited until after the amendment deadline to add these claims. Plaintiffs claim that BWC

7    footage—that they had since October 2021—"clearly" depicted them standing on the sidewalk at

8    the time of their arrest. (*Id.* at 16). Thus, Plaintiffs had the facts to raise this claim long before

9    the amendment deadline passed, and Plaintiffs have not demonstrated diligence in seeking to

10    amend to add these claims.

11    **D.    *Defendants' use of 40mm projectiles and pepper balls.***

12    Plaintiffs seek to add facts regarding Defendants' use of 40mm projectiles and pepper

13    balls. But again, Plaintiffs already had footage of at least Oswald's use of these weapons as early

14    as October 2021. (ECF No. 126 at 13). While Plaintiffs assert that they wish to include facts

15    about where Defendants used these weapons that they learned in depositions, they do not explain

16    what those depositions revealed or why Plaintiffs could not have gleaned this information from

17    the BWC they already had. Plaintiffs have not demonstrated diligence in moving to amend to add

18    these facts.

19    **E.    *Intentional Infliction of Emotional Distress against existing Defendants Officer***
20    ***Jordan Turner and Officer Evan Spoon.***

21    Plaintiffs' proposed amended complaint adds existing Defendants Turner and Spoon to

22    their claim for Intentional Infliction of Emotional Distress. (ECF No. 126-1 at 159). But

23    Plaintiffs do not address this amendment in their opening brief. They also fail to address it in

24    reply even though Defendants brought up the amendment in their response. With no explanation,

25    the Court cannot find that Plaintiffs have demonstrated good cause for their delay in making this

26    amendment.

27

28    ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 126) be **denied.**

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 20, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE