UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lance Downes-Covington, et al.,<br><br>　　　　　　Plaintiffs<br><br>　v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>　　　　　　Defendants | Case No. 2:20-cv-01790-CDS-DJA<br><br>**Omnibus Order Resolving Two Motions to Amend, Objections to Two Reports and Recommendations, and Two Motions to Dismiss**<br><br>[ECF Nos. 76, 99, 106, 108, 126, 144, 149] |

　　　Plaintiffs bring this § 1983 action alleging several violations of their First, Fourth, and Fourteenth Amendment rights and related state offenses. The allegations arise out of the Black Lives Matter (BLM) protests that took place in Las Vegas, Nevada during the summer of 2020, following the death of George Floyd and others across the country. There are several matters pending before the court including defendants' objection to the magistrate judge's order granting in part plaintiffs' motion to amend the complaint, two motions to dismiss filed by defendants, a second motion to amend the complaint filed by plaintiffs, and objections to the report and recommendation of the magistrate judge that plaintiffs' second motion to amend the complaint be denied.

　　　The matters are fully briefed, and I have determined that the matters can be resolved without a hearing. *See* Local Rule 78-1 ("[M]otions may be considered and decided with or without a hearing."). For the reasons set forth herein, I hereby: (1) overrule defendants' objections (ECF No. 99) to the report and recommendation granting in part and denying in part plaintiffs' motion to amend (ECF No. 76); (2) deny defendants Spoon, Turner, and Dickson's motions to dismiss (ECF Nos. 106, 108); (3) overrule plaintiffs' objections (ECF No. 149) to the report and recommendation denying their second motion to amend the complaint (ECF No.

149); and (4) deny plaintiffs' second motion to amend the complaint (ECF No. 126). The reports and recommendations of the magistrate judge (ECF Nos. 93, 97, 144) are adopted in full.

I.  **The Objections to the Report and Recommendations Relating to Amending the Complaint (ECF Nos. 99, 149).**

Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). A party may file specific written objections to the findings and recommendations of a magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the court must make a de novo determination of those portions to which objections are made. *Id.* The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(b). A magistrate judge's order on a non-dispositive motion[1] may be reversed only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); LR IB 3-1.

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *Id.* at (a)(2). The rules do provide that a court "should freely give leave [to

---

[1] Courts have mixed opinions on whether a motion to amend a pleading is dispositive or not. *Compare Grand Canyon Skywalk Dev., LLC v. Cieslak*, No. 2015 WL 1805055, at *2 (D. Nev. Apr. 20, 2015) (discussing the split of authority and requesting that a full denial of a motion to amend be treated as a report and recommendation subject to de novo review) *with United States v. Sayers Constr.*, LLC, 2020 WL 3643431, at *2 (D. Nev. July 6, 2020) ("However, sometimes a motion for leave to amend the pleadings is dispositive, especially when denied; courts are split on the matter."). For purposes of clarity on what standard of review I applied, I considered both decisions from the magistrate judge on plaintiffs' motions to amend as reports and recommendations and therefore conducted a de novo review of the pending objections.

2

amend] when justice so requires" (*id.*), however, the court must consider five factors when determining whether justice requires allowing a proposed amendment under Rule 15(a). *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). Those factors are bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). Prejudice to the opposing party is considered the most important factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The opposing party bears the burden to show why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530 (N.D. Cal. 1989).

There are two objections pending, both relating to amending the complaint: (1) defendants' objections to the report and recommendation (ECF No. 99) granting in part plaintiffs' motion to amend the complaint (ECF No. 76; hereinafter "R&R-1"); and (2) plaintiffs' objections to the report and recommendation (ECF No. 149; hereinafter "R&R-2") denying their second motion to amend complaint (ECF No. 144). I resolve the objections in turn.

  A. *Defendants' objections to the report and recommendation granting plaintiffs' motion to amend (ECF No. 99) are overruled.*

Defendants timely filed objections to R&R-1 (ECF No. 99) granting in part plaintiffs' motion to amend the complaint (ECF No. 76). Plaintiffs moved to amend their complaint to add claims against an already named defendant—Officer Dickson—and to add additional facts and the additional identity of two "Doe" officers who had since been identified as Spoon and Turner. *See generally* ECF No. 76. Defendants opposed the proposed amendments, arguing that plaintiffs acted in bad faith by delaying seeking amendment and were not diligent in identifying the officers. ECF No. 77 at 5–7. They also argued that amendment would be futile because the statute of limitations had run for the potential claims against Officers Spoon and Turner, and the relation-back doctrine does not apply based on plaintiffs' dilatory tactics. *Id.* at 8–11.

3

After conducting a hearing on the motion to amend, Magistrate Judge Albregts granted plaintiffs' motion in part,[2] finding that plaintiffs did not act in bad faith when seeking amendment given the significant amount of evidence in this action. ECF No. 97 at 14.[3] And while concerned about undue delay, the magistrate judge did not find plaintiffs caused undue delay or prejudice to defendants in seeking amendment at that time. *Id.* at 14–15. Last, he determined that the relation-back doctrine did apply and therefore determined that amendment would not be futile. *Id.* at 15–17. As a result, Magistrate Judge Albregts granted plaintiffs' motion to amend the complaint to allow replacing two "Doe" defendants as Officer Spoon and Officer Turner and permitted plaintiffs to add additional facts related to already-named-defendant Officer Dickson.

In their objections to R&R-1, defendants argue that the magistrate judge erred because amending the complaint was prejudicial, that plaintiffs' lack of diligence rendered amendment futile, and the relation-back doctrine inapplicable. *See generally* ECF No. 99. They argue that the magistrate judge erred when he failed to account for the prejudice caused to the newly proposed defendants, especially considering the fact that the statute of limitations had expired for those new claims. *Id.* at 6-8. Defendants also reiterated their futility arguments, and again asserted that plaintiffs caused undue delay in seeking amendment. *Id.* at 8–14.

Plaintiffs filed a response to the objections, arguing that defendants failed to establish that the magistrate judge's decision was clearly erroneous. *See generally* ECF No. 115. They further contend that the proposed amendments are not prejudicial to defendants, and that there is no evidence of bad faith or undue delay on their part. *Id.* at 9–14. Finally, plaintiffs argue that the proposed amendments are not futile as the relation-back doctrine permits them to name the two

---

[2] The motion was denied in part to the extent that plaintiffs were not permitted to add back in former Sherriff Joseph Lombardo in as a defendant, which plaintiffs conceded at the hearing was a scrivener's error. ECF No. 97 at 6, 17.

[3] Transcript of the hearing served as the magistrate judge's report and recommendation. ECF No. 97 at 3 ("[T]he transcript of today's hearing then will act as the order....").

4

new defendants and forecloses on defendants' argument that the statute of limitations has run. *Id.* at 15–18.

I find that defendants failed to establish that the magistrate judge's decision granting the motion to amend was clearly erroneous or contrary to the law. While amendment was sought after litigation had been underway for well over a year, the record supports that plaintiffs sought amendment after receipt and review of a large amount of body worn camera (BWC) footage. The amount of discovery directly refutes defendants' allegations of bad faith and undue delay on behalf of plaintiffs. Further, defendants' arguments that amendment is futile because the statute of limitations had run for the two newly proposed defendants is unavailing. The magistrate judge correctly determined that the relation-back doctrine did apply and liberally applied Rule 15(c) of the Federal Rules of Civil Procedure. *See E.W. French & Sons, Inc. v. General Portland Inc.*, 885 F.2d 1392, 1396 (9th Cir. 1989) ("[C]ourts should apply the relation back doctrine of [Federal] Rule 15(c)Rule 15(c) liberally."). Specifically, the magistrate judge applied the three-part *Nurenberger*[4] test and found that: (1) plaintiffs pled fictitious defendants in the caption, (2) plaintiffs articulated a basis for naming said fictitious defendants, and (3) plaintiffs exercised reasonable diligence in determining the real names of two fictitiously named defendants and promptly moved to amend the complaint accordingly. ECF No. 97 at 16–17 (citing *Nurenberger Hercules-Weke v. Virostek*, 107 Nev. 873 (Nev. 1991)).

Accordingly, the court adopts the magistrate judge's R&R-1 (ECF No. 97) in full and grants plaintiffs' motion to amend the complaint (ECF No. 76).

  B.  *Plaintiffs' Objections to the Report and Recommendation Denying Their Second Motion to Amend the Complaint* (ECF No. 149) *are Overruled.*

Unlike plaintiffs' June 2022 motion to amend the complaint (ECF No. 76), their second motion to amend (ECF No. 126; hereinafter SMA) failed to establish good cause for seeking to

---

[4] The Nevada Supreme Court later disavowed the part of *Nurenberger*'s holding that the relation-back doctrine effect of Rule 15 of the Nevada Rules of Procedure did not apply to the addition or substitution of parties. *Costello v. Casler*, 127 Nev. 436, 440, fn. 4 (Nev. 2011) (explicitly concluding that the relation-back effect of NRCP 15(c) does apply to the addition or substitution of parties).

substitute the name of one party and add in additional claims for relief at this stage in the litigation. In fact, and as noted by Magistrate Judge Albregts in R&R-2, plaintiffs failed to raise and address Rule 16(b)(4) in their opening brief. The SMA was filed in January of 2023, almost three and a half years after initiating this action (*see* Compl., ECF No. 1 (filed September 25, 2020)) and almost three months since the parties briefed motions to dismiss (ECF Nos. 106, 108). The SMA argued that "Metro refused to produce the relevant BWC footage for all officers involved, thus requiring Plaintiff to develop the information during discovery depositions." ECF No. 126 at 3. The SMA admitted that plaintiffs discussed the missing footage in October of 2022 (*id.* at 6) yet provided no explanation as to why they could not and did not pursue amendment sooner. *See generally*, R&R-2, ECF No. 144.

  Defendants opposed the SMA, arguing that it was untimely and the result of undue delay, that plaintiffs failed to demonstrate good cause, that plaintiffs seek amendment of two newly proposed defendants in bad faith, and that amendment would be prejudicial. *See generally*, Def. Opp. to SMA, ECF No. 131. Defendants further argue that amendment is futile as the relation-back doctrine did not apply to the two newly proposed defendants. *Id.* at 11–25.

  The magistrate judge laid out the deficiencies in plaintiffs' SMA, including failing to address "good cause" in its initial pleading. *See generally* ECF No. 144. Those deficiencies also included failing to explain how or when plaintiffs knew the facts they now seek to add into the complaint, failing to explain why they could not have sought amendment sooner, and failing to provide any explanation regarding why they were seeking to add in certain claims for relief. *Id.*

  While maintaining there was good cause to amend the complaint as proposed in the SMA, plaintiffs limit their objection to the magistrate judge's recommendation that I deny their motion to add new-party Sergeant John Johnson. ECF No. 149 at 4. Plaintiffs admit that they did not specifically address the Rule 16(b)(4) good cause standard in their SMA but noted that the parties have entered into numerous stipulations to extend discovery and scheduling, citing good cause, which demonstrates that the magistrate judge erred in denying their motion to add Sgt.

Johnson as a defendant. *Id.* at 4, 8. Plaintiffs assert that there is good cause to add in Sgt. Johnson, and that the denial of allowing them to do so constitutes clear error, due to the sheer volume of discovery involved in this action, and allege that defendants have either refused or were unwilling to identify Sgt. Johnson sooner. *Id.* at 4. They further contend that they should be able to amend the complaint to add in Sgt. Johnson due to excusable neglect,[5] arguing that Sgt. Johnson is different from other defendants in this allegation because there is no BWC footage from him, until a February 2023 discovery disclosure by defendants. *Id.* at 4–5. Plaintiffs note that Johnsons' BWC footage is approximately 10 minutes in length, even though the protests lasted for hours. *Id.* Plaintiffs maintain that adding Sgt. Johnson as a defendant will not delay this case or its proceedings because discovery is ongoing,[6] and maintain that they did not act in bad faith nor did they cause undue delay by filing the SMA in January of 2023, instead of earlier. *Id.* at 13–17. Finally, plaintiffs allege that amending the complaint is not futile as the relation-back doctrine applies. *Id.* at 17–18.

Defendants wholly oppose plaintiffs' objections to R&R-2. *See generally* ECF No. 150. They argue that plaintiffs did not argue, nor can they meet, the good cause standard because "[p]laintiffs have been in possession of the information they relied upon in their amendment since October 2021 and [they] failed to demonstrate any good cause for moving to amend six months passed the deadline" for amendment. *Id.* at 2. Defendants further contend that plaintiffs' argument that the Las Vegas Metropolitan Police Department only recently produced certain records is misleading (*id.* at 4) as plaintiffs were in possession of video footage with Sgt. Johnson for almost nine months before the pleading amendment deadline expired. *Id.* at 5. As a result, defendants urge that I overrule plaintiffs' objections and adopt R&R-2 in full.

Whether to grant leave to amend a complaint is within the discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). As discussed by the magistrate judge

---

[5] Plaintiffs acknowledge they did not argue excusable neglect in the SMA but contend that discovery has been ongoing, and that deposition and discovery review contributed to the delay in filing the SMA. ECF No. 149 at 8.

[6] The current discovery cut-off date is November 30, 2023. ECF No. 152 at 25.

7

in R&R-2 (ECF No 144 at 2–3), the court is required to apply Federal Rule of Civil Procedure 16(b) and issue scheduling orders to limit the time to amend pleadings and complete discovery. Fed. R. Civ. P. 16(b)(1), (b)(3)(A). Rule 16(b)(4) allows "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). Rule 16(b)(4) applies when a plaintiff seeks to amend the complaint after the deadline in the pretrial scheduling order for amending the complaint has passed. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)).

I agree with the magistrate judge that plaintiffs do not show good cause under Rule 16(b)(4) for substantially amending their complaint at this stage in the litigation. The court is concerned with the plaintiffs' representations—or lack thereof—as to when they received relevant discovery and why they waited so long to seek amendment. As discussed by Magistrate Judge Albregts, it was not until plaintiffs filed their reply brief that they provide some information regarding what information or facts they gathered between October 2022 and January 2023 that necessitated seeking amendment to the complaint. ECF No. 144 at 3–4. It is well established that arguments raised for the first time in a reply are deemed waived. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). Thus, the magistrate judge's recommendation that plaintiffs should not be able to add Sgt. Johnson as a defendant was neither clearly erroneous nor contrary to the law.

Plaintiffs' objections fair no better. It remains unclear what specific information or facts they gathered between October 2022 and January 2023 that necessitated seeking amendment to add Sgt. Johnson as a defendant.[7] Plaintiffs also fail to explain why they did not seek amendment earlier when Sgt. Johnson's identity and participation in the protests was disclosed almost 15

---

[7] This is also true regarding the February 2023 disclosure. Plaintiffs note that they received additional BWC from Sgt. Johnson at that time. But the pleadings fail to explain why it is relevant to this action, what information they learned from the footage, or any other information that would assist the court in determining if plaintiffs acted with diligence and without undue delay.

months prior. *Compare* ECF No. 149-3 at Ex. 1 (photograph) *with* ECF No. 150 at 9 (discussing disclosure of that video in October of 2021). Plaintiffs likewise fail to explain why they did not seek to add Sgt. Johnson as a defendant when they moved to amend the complaint in September of 2022.

The party opposing amendment bears the burden of showing prejudice, which is the "touchstone of the inquiry under [R]ule 15(a)." *Eminence Capital, LLC v. Aspen, Inc.*, 316 F.3d at 1052 (internal quotation marks omitted) (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). Even at this stage, plaintiffs do not explain why amendment is needed, rendering the delay undue and demonstrates a lack of diligence. The court recognizes that "[u]ndue delay by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). But here, there is not only undue delay, there is no good cause for plaintiffs' delay in seeking amendment. This court cannot simply disregard Rule 16(b)(4) due to plaintiffs' lack of diligence. Allowing amendment to add in Sgt. Johnson, over three years into this litigation, will prejudice defendants. Delay can contribute to a finding of prejudice because "expense, delay, and wear and tear on individuals and [defendants] count toward prejudice." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (internal quotation marks and citation omitted).

Accordingly, plaintiffs' objections (ECF No. 149) are OVERRULED. Because I am overruling the objections based on undue delay and failure to establish good cause as required by Fed. R. Civil Pro. 16(b)(4), I need not reach a determination on the reminder of defendants' arguments. The magistrate judge's report and recommendation (ECF No. 144) is ADOPTED in FULL. Plaintiffs' second motion to amend (ECF No. 126) is DENIED.

IV. **The Motions to Dismiss**

Because I have denied plaintiffs' second motion to amend, I turn and consider the pending motions to dismiss (ECF Nos. 106, 108). Defendants Spoon and Turner seek dismissal, asserting that their claims are barred by the statute of limitation. ECF No. 106. Defendant Dickson seeks partial dismissal, arguing that the allegations set forth against her in the second

amendment complaint (SAC) are also barred by the statute of limitations. ECF No. 108. Plaintiffs oppose the motions. ECF No. 118, 119.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). Where a statute of limitations defense is apparent on the face of the complaint, however, it may be raised by the defendant in a motion to dismiss. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss.").

Plaintiffs brought this action under § 1983, a federal cause of action. The statute of limitations for § 1983 claims is borrowed from the applicable state law. *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985). There is no dispute that Nevada's personal injury statute applies here, making the applicable statute of limitations two years. *See* ECF No. 106 at 3 (arguing the statute of limitations ran on June 1, 2022, two years after the incident); ECF No. 108 at 3 (same); *see also* ECF No. 118 at 8 (citing the two-year statute of limitations set forth in Nevada Revised Statute 11.190(4)). Defendants Spoon, Turner, and Dickson all seek to dismiss the SAC, arguing that the relation-back doctrine does not apply and therefore the statute of limitations bars the claims against them.[8]

Under Fed.R.Civ.P. 15(c)(1), a claim initially set forth in a complaint relates back to the date of a prior filing if the claim "ar[ises] out of the conduct, transaction, or occurrence set out—

---

[8] Defendant Dickson's motion is confined to the new claims against her in the SAC by plaintiff Downes-Covington. *See* ECF No. 108 at 2 ("The Second Amended Complaint is barred by the statute of limitations as to Defendant Officer Dickson as it does not satisfy the relation back requirement.").

or attempted to be set out—in the original pleading[.]" Rule 15(c)(1)(B). Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and any amended pleadings "ar[i]se out of the conduct, transaction, or occurrence[.]" *Id.*; *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005). A claim "arises out of the same conduct, transaction, or occurrence if it will likely be proved by the same kind of evidence offered in support of the original pleading." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (internal quotations and citation omitted). The relation-back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983. *Cabrales v. Cnty. of L.A.*, 864 F.2d 1454, 1462–64 (9th Cir. 1988). In Nevada, the relation-back doctrine applies to both the addition and substitution of parties and is liberally construed unless the opposing party is disadvantaged by relation-back. *Costello*, 127 Nev. at 441.

      I have already adopted the magistrate judge's finding that plaintiffs satisfied the three-part *Nurenberger* test, and therefore the relation-back doctrine applies to the amended allegations set forth in the SAC against defendants Spoon, Turner, and Dickson. *See supra*, Sec. I(A). I incorporate that finding here. I am unconvinced to change that determination based on the arguments set forth in defendants' motions to dismiss so I deny them both.

### V.    Local Rules Violations

      I must address the exhibits inappropriately attached to the various filings. Counsel is reminded of Local Rule IC 2-2(3), which requires that exhibits and attachments "be attached as separate files[,]" not as part of the base document. LR IC 2-2(3)(A). Counsel for each of the parties are cautioned that future violations of these rules will not be tolerated, and nonconforming exhibits will be sua sponte stricken from the record.

## VI. Conclusion

IT IS THEREFORE ORDERED that defendants' objections to the report and recommendation granting in part and denying in part plaintiffs' motion to amend [ECF No. 76] are OVERRULED. The recommendations and findings of the magistrate judge [ECF Nos. 93, 97] are affirmed and adopted in full.

IT IS FURTHER ORDERED that plaintiffs' motion to amend the complaint [ECF No. 76] is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that defendants Spoon, Turner, and Dickson's motions to dismiss [ECF Nos. 106, 108] are DENIED.

IT IS FURTHER ORDERED that plaintiffs' objections to the report and recommendation denying their second motion to amend the complaint [ECF No. 149] are OVERRULED. The report and recommendation [ECF No. 144] is affirmed and adopted in full.

IT IS FURTHER ORDERED that plaintiffs' second motion to amend the complaint [ECF No. 126] is DENIED.

DATED this August 29, 2023

_____
Cristina D. Silva
United States District Judge