UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lance Downes-Covington, et al., | Case No. 2:20-cv-01790-CDS-DJA |
| Plaintiffs | **Order** |
| v. | |
| Las Vegas Metro. Police Department, et al., | [ECF No. 199, 201] |
| Defendants | |

On January 10, 2025, plaintiffs filed a notice of constitutional question under Rule 5.1 of the Federal Rules of Civil Procedure. Notice, ECF No. 199. Therein, plaintiffs notified the parties and the Office of the Nevada Attorney General that the "Las Vegas Metropolitan Police Department's enforcement of the Failure to Disperse statute—Nevada Revised Statutes § 203.020—is unconstitutional as applied to Plaintiffs under the First Amendment to the United States Constitution." *Id.* at 2. I subsequently issued an order to show cause and I explained that the notice only complied with Rule 5.1 in part because the notice was not filed "promptly" as is required. ECF No. 201 at 1 (citing Fed. R. Civ. P. 5.1(a)). Specifically, plaintiffs filed their second amended complaint (SAC) on September 22, 2022, arguing "that Metro's enforcement of the Failure to Disperse statute—Nevada Revised Statutes § 203.020—is unconstitutional as applied to Plaintiffs under the First Amendment to the United States Constitution, [and] Plaintiffs face a real and serious threat of physical harm, arrest, or prosecution if they continue to engage in their protected peaceful protests." *Id.* (quoting SAC, ECF No. 94 at 53, ¶ 385). I issued the show-cause order requiring plaintiffs to demonstrate how the notice was "prompt" and explain why it should not be stricken as untimely. *Id.* (citing *Conyers v. Garrett*, 2022 WL 1913598, at *4 (E.D. Mich. June 3, 2022)).

Responding to the order, plaintiffs explain that the delay was a result of excusable neglect, stating that, when the SAC was filed, their lead counsel "failed to effectuate the Rule 5.1 notice, and the error went unnoticed." Resp., ECF No. 203 at 3. They state that a serious of tragic events—including the sickness and passing of the parents of two out of three of the attorneys at plaintiffs' firm in May and July 2024—ultimately led to the error continuing to go unnoticed. *Id.* at 4. The third attorney, and lead counsel on this case, left the firm on May 3, 2024. *Id.* They state that the error was only noticed when "a file audit was carried out on the case on shortly after the New Year's holiday in early January, 2025." *Id.* at 5.

There is no clear guideline for what "prompt" means under Rule 5.1, but more than two years certainly exceeds any reasonable reading of this rule. Although there is no codified standard for a court to review a violation of Rule 5.1 for lack of promptness, "excusable neglect," as it is conceived of in other deadline rules, is apt. *See* LR IA 6-1 ("A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.").

There are four factors the court must consider when evaluating excusable neglect: (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay"; and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "In some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed 'in each and every case.'" *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir. 2010) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009)).

I find that permitting this late notice would not prejudice defendants because the parties—including defendants—continue to extend discovery deadlines in this case. It does not appear that they will be seriously impacted should I choose not to strike the notice. As

previously mentioned, the delay is significant, but I do not find that even this amount of time will affect the judicial proceedings given that discovery is ongoing and only continues to get extended.

The court also considers plaintiffs' stated reason for the delay. Although the court understands that the circumstances that surrounded plaintiffs' firm in 2024 were tragic, the reason plaintiffs provide for failing to file this notice in a timely manner is that plaintiffs simply forgot to when the SAC was filed. What occurred in 2024 does not explain the failure to properly adhere to Rule 5.1 in the final months of 2022, when the SAC was filed, or any time during 2023. I do not doubt that plaintiffs were acting in good faith, but if not for the alleged file audit in January 2025, it appears this delay would only have gone on longer.

Although I do not find the reason for the delay particularly convincing, the balance of the remaining factors, even without considering prejudice of denial to the plaintiffs, is enough for me to find that the notice should not be stricken. However, the plaintiffs are warned that further failure to adhere to the Federal Rules of Civil Procedure may not be met with the same leniency.

## Conclusion

IT IS THEREFORE ORDERED that plaintiffs' notice of constitutional question under Rule 5.1 [ECF No. 199] is not stricken. The order to show cause (ECF No. 201) is discharged.

Dated: April 15, 2025

_____
Cristina D. Silva
United States District Judge

3